**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DANNY HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:20-cv-02951-TLP-tmp |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE and FLOYD | ) | |
| BONNER, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE, DENYING A
CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL WOULD
NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN
FORMA PAUPERIS ON APPEAL**

Petitioner Danny Hall[1] petitioned pro se for habeas corpus relief under § 2241 ("§ 2241 Petition") and paid the filing fee.  (ECF No. 1.)  He then amended his petition.[2]  (ECF No. 5.)  For the reasons below, the Court **DISMISSES WITHOUT PREJUDICE** the § 2241 Petition.

## THE HABEAS PETITION

Petitioner moves for immediate release from custody because of Covid-19.  (ECF No. 1 at PageID 1; *See* ECF No. 5 at PageID 10.)  The State indicted him on charges of especially

---

[1] Tennessee has custody of Petitioner as a pretrial detainee and is housing him at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee.  The State has assigned him booking number 18119818.

[2] In the amended petition, Petitioner repeats his once stated claims without elaborating any further.  (*See* ECF Nos. 1 & 5.)

aggravated kidnapping, aggravated robbery, aggravated burglary, and theft.  (ECF No. 1.)[3]  He claims that he is not guilty and has been in jail for over a year or more.  (*Id.*)  He asserts that, by suspending all trials, the State has given him no available means to show or prove his innocence.  (*Id.* at PageID 1–2.)

Petitioner claims a violation of his Sixth Amendment rights, because the State has not given him an avenue to trial.  (*Id.* at PageID 2–3.)  He asserts an Eighth Amendment violation because the State may not subject detainees, before an adjudication of guilt, to conditions and restrictions that amount to punishment.  (*Id.* at PageID 2.)

Petitioner contends that his facility administrators are holding him in his cell constantly, not giving him one hour a day outside, and only allowing him to shower about twice a month.  (*Id.*)  He asserts that Covid-19 is affecting him and other inmates at the Jail by "control[l]ing heart rate, blood pressure, mood, and emotions . . . . attacking the brain, causing low cognitive function, and forgetfulness."  (*Id.* at PageID 3.)  Petitioner asserts that many lose self-awareness and believe the virus will kill people within five years after contracting it.  (*Id.*)  And he argues that being exposed to coronavirus in the contaminated jail gives the district attorney an advantage, because Petitioner may suffer side effects and mental stress from the exposure.  (*Id.*)

## ANALYSIS

Under 28 U.S.C. § 2241, a federal court may issue a writ of habeas corpus for a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3).  But a federal court may only issue a writ of habeas corpus in a pending state

---

[3] *See* Shelby County Criminal Justice Portal, Case No. C1900205, https://cjs.shelbycountytn.gov/ CJS/ (last accessed Jan. 22, 2021).

criminal prosecution in extraordinary circumstances. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 46 (1971) (deciding not to enjoin pending state prosecution); *Fenner v. Boykin*, 271 U.S. 240, 243 (1926); *Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199, 201 (6th Cir. 1986).  In fact, "'[e]xtraordinary circumstances' [must] render the state court incapable of fairly and fully adjudicating the federal issues before it." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

In the Sixth Circuit, a state prisoner's attempt to seek a speedy trial is an "extraordinary circumstance" under § 2241.  *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981); *see Kanerva v. Zyburt*, No. 2:19-CV-225, 2019 WL 6974736, at *2 (W.D. Mich. Dec. 20, 2019).  Even so, a federal court should not exercise jurisdiction over a speedy trial claim unless the prisoner has first exhausted the claim in state court.  *Atkins*, 644 F.2d at 546–48; *Kanerva*, 2019 WL 6974736, at *2–3; *Anglin v. Breckinridge Circuit Court*, No. 3:11CV-P220-H, 2011 WL 1750787, at *1 (W.D. Ky. May 6, 2011).  The petitioner must "fairly present"[4] each claim at all levels of state court review, up to the state's highest court on discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  But a petitioner need not seek review by the highest state court, if the state has explicitly decided that state supreme court review is not an available state remedy.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).

The petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  And although a federal court can consider a pretrial detainee's claim that the state is violating his post-indictment right to a speedy trial, the only relief that a federal

---

[4] For a petitioner to exhaust a claim, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citation omitted).  Nor is it enough to "make a general appeal" to a broad constitutional guarantee. *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

court may give is an order forcing the state to bring him to trial. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) (Petitioner's habeas claim for a speedy trial did not "seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial."); *Atkins*, 644 F.2d at 547–48; *see Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) ("[T]he district court properly denied relief to the extent that [petitioner] sought to dismiss the state charges outright.").

It is not clear that Petitioner here seeks a speedy trial. Instead, he requests immediate release because of Covid-19. (ECF No. 1 at PageID 1; *see* ECF No. 5 at PageID 10.) And he has shown no extraordinary circumstances that would allow this Court to address the § 2241 Petition. What is more, Petitioner has not exhausted his available state court remedies, such as moving for speedy trial in his pending state court cases. For these reasons, the Court will not exercise jurisdiction over the petition. The Court therefore **DISMISSES** the § 2241 Petition without prejudice.

## **APPELLATE ISSUES**

Under 28 U.S.C. § 2253, district courts have to consider the appealability of its decision denying a habeas petition and whether to issue a certificate of appealability ("COA"). And, in the Sixth Circuit, a court must issue a COA before considering a state prisoner's habeas appeal, "whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

A court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must reflect the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a "substantial

showing" when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding a prisoner must show that "reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed further" (quoting *Banks v. Dretke*, 540 U.S. 668, 674 (2004))).

But the petitioner does not have to show that his appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Yet courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Petitioner here has not shown that he exhausted his claims. Because this Court finds that any appeal by Petitioner to the Sixth Circuit on the issues raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

Under the Federal Rules of Appellate Procedure, a party seeking leave to appeal in forma pauperis must first move to do so in the district court. Fed. R. App. P. 24(a)(1). That said, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must instead move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the same reasons the Court denies a COA, the Court **CERTIFIES** under Fed. R. App. P. 24(a) that any appeal here would not be taken in good faith. The Court therefore

**DENIES** leave to appeal in forma pauperis.[5]

      **SO ORDERED**, this 14th day of May, 2021.

                                      s/Thomas L. Parker
                                  THOMAS L. PARKER
                                  UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and file a supporting affidavit in the Sixth Circuit within thirty days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).